IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANTRELL WATTS,<br><br>        Plaintiff,<br><br>v.<br><br>OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES,<br><br>        Defendant. | Case No. CIV-19-1072-D |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF** and pursuant to Fed.R.Civ.P. 15(a)(1)(B), amends his petition[1] to plead as follows:

1. Plaintiff is Cantrell Watts, an adult resident of the State of Oklahoma.

2. Defendant is Oklahoma Department of Mental Health and Substance Abuse Services, which is an agency of the State of Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's causes of action are for discrimination on the basis of a disability, including a failure to accommodate and wrongful termination, which are violations of the Rehabilitation Act and the Oklahoma Anti-Discrimination Act.

---

[1] Plaintiff's case was originally filed in Oklahoma County via a petition. As the action has been removed, Plaintiff now amends to a Complaint pursuant to Fed.R.Civ.P. 7.

1

4. All of the acts described herein occurred in the State of Oklahoma, and Defendant can be served in Oklahoma County. Oklahoma County is within the Western District of Oklahoma. Wherefore, venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant is a covered employer under the Rehabilitation Act as it accepts Rehabilitation Act funds.

6. Defendant is a covered employer under the OADA.

7. Plaintiff was an employee of Defendant from approximately March 1, 2018, until his termination on or about August 2, 2019. At the time of Plaintiff's termination, Plaintiff was a Patient Care Assistant.

8. Plaintiff suffers from elevated or high blood pressure, which occasionally causes him to perspire.

9. While employed with Defendant, Plaintiff was perspiring, and Plaintiff's supervisor required Plaintiff to undergo a blood pressure test. Plaintiff's blood pressure was elevated. As a result, Defendant removed Plaintiff from his duties and required Plaintiff to visit a hospital.

10. The physicians at the hospital released Plaintiff to return to work with no restrictions. Defendant, however, required Plaintiff to undergo a blood pressure test. Plaintiff's blood pressure was elevated. Defendant refused to allow Plaintiff to return to work.

11. Plaintiff received subsequent physician care with physician releases authorizing Plaintiff to return to work without restriction. Defendant, however, refused to allow Plaintiff to return to work on each occasion citing Plaintiff's elevated blood pressure.

12. Defendant informed Plaintiff that he was a "liability" to the agency because of his elevated blood pressure.

13. Plaintiff sought to return to work on a regular basis from the date of Defendant forcing him to leave (in the Fall of 2018) and Plaintiff's termination (August 2, 2019).

14. Defendant terminated Plaintiff on August 2, 2019, because Defendant regarded Plaintiff as disabled because of his perspiration resulting from elevated blood pressure.

15. During all relevant periods of time above, Plaintiff regularly sought accommodation from Defendant including, but not limited to, requesting Defendant accommodate Plaintiff by allowing him to work in another position that Defendant believes Plaintiff could work. Defendant refused to consider Plaintiff for other positions.

16. Plaintiff, with or without accommodation, was capable of performing the essential functions of his positions along with the essential functions of multiple open positions. Defendant failed to engage in any type of interactive process to accommodate Plaintiff.

17. As a direct result of the Defendant's conduct the Plaintiff has suffered wage loss (including back, present, and front pay) and emotional distress/dignitary harm damages.

18. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on or around September 18, 2019. The EEOC issued Plaintiff's right to sue letter on September 18, 2019, and Plaintiff received such letter thereafter. This lawsuit was timely filed within ninety days of Plaintiff's receipt of the first right to sue letter.

19. Plaintiff amended his Charge of Discrimination to include the time period through the end of his employment and requested reopening of his charge of discrimination on or around October 24, 2019. In response, the EEOC rescinded the September 18 dismissal and amended the charge. A new right to sue letter was issued on November 19, 2019, and such letter was received thereafter. This lawsuit was timely filed within ninety days of Plaintiff's receipt of this right to sue letter.

20. Discrimination based on disability and retaliation for requesting reasonable accommodations and/or complaining of discrimination are prohibited by the Rehabilitation Act, 29 U.S.C. § § 791, *et seq*.

21. Under the statutes mentioned, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

22. Under the OADA, Plaintiff is entitled to liquidated damages matching his actual losses due to Defendant's wrongful conduct.

23. Under the Rehabilitation Act, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

### PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess an award of actual, compensatory, and punitive damages together with pre- and post-judgment interest, costs, attorneys' fees, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF DECEMBER 2019.**

    *s/ D. Colby Addison*
    D. Colby Addison, OBA #32718
    Leah M. Roper, OBA #32107
    LAIRD HAMMONS LAIRD, PLLC
    1332 SW 89th Street
    Oklahoma City, OK 73159
    Telephone: 405.703.4567
    Facsimile:  405.703.4067
    E-mail: colby@lhllaw.com
    E-mail: leah@lhllaw.com
    ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  This is to certify that on December 18, 2019 a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Erin M. Moore, OBA No. 20787
Lauren Ray, OBA No. 22694
Assistant Attorney Generals
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Tele: (405) 521-3921 Fax: (405) 521-6246
Email: erin.moore@oag.ok.gov
Email: lauren.ray@oag.ok.gov
ATTORNEYS FOR DEFENDANT

                 *s/D. Colby Addison*