#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANTRELL WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1072-D |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND ) | |
| SUBSTANCE ABUSE SERVICES, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 13], filed under Fed. R. Civ. P. 12(b)(1). Defendant Oklahoma Department of Mental Health and Substance Abuse Services seeks the dismissal of only part of Plaintiff's claim asserted in the Amended Complaint [Doc. No. 8] under the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 *et seq.* (OADA). Defendant contends the statutory requirement of filing a timely administrative charge is a jurisdictional prerequisite to an employment-related discrimination suit under Oklahoma law. *See id.* §S 1350(B). Defendant seeks the dismissal of any OADA claim that arose more than 180 days before Plaintiff first filed an EEOC charge on September 18, 2019.[1]

---

[1] Defendant also moves to strike Plaintiff's request for punitive damages from the Amended Complaint. However, Plaintiff responds that he "has not asserted punitive damages" and "this is not an issue." *See* Pl.'s Resp. Br. at 1. The Court understands from Plaintiff's response that the inclusion of punitive damages in his prayer for relief (*see* Am. Compl. at 5) was a scrivener's error and there is no issue for decision regarding punitive damages. "Defendant agrees this issue is moot." Def.'s Reply Br. at 1.

In the Amended Complaint, Plaintiff claims that Defendant violated the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and OADA, by failing to accommodate a disability and discriminating in employment based on a disability or perceived disability. Plaintiff alleges that Defendant removed him from a position of patient care assistant "in the Fall of 2018" due his elevated blood pressure, that he obtained a medical release to return to work but Defendant refused to reinstate him or reassign him to a different job, and that "Defendant terminated Plaintiff on August 2, 2019, because Defendant regarded Plaintiff as disabled." *See* Am. Compl. ¶ 14. According to Plaintiff, throughout the entire time he was off work before his termination, "Plaintiff sought to return to work on a regular basis" and "regularly sought accommodation from Defendant" but was repeatedly refused permission to resume his former job or other available jobs for which he was qualified. *Id*. ¶¶ 13, 15-16. Plaintiff also alleges that he exhausted administrative remedies by filing an EEOC charge on September 18, 2019, amending it on October 24, 2019, receiving notice from the EEOC of his right to sue on November 19, 2019, and timely filing this action.

In seeking partial dismissal of Plaintiff's OADA claim, Defendant relies on an alleged lack of administrative exhaustion, but concedes that Plaintiff's EEOC charges were timely filed with respect to his termination and any alleged discriminatory conduct that occurred within 180 days before the first charge. Defendant instead seeks to dismiss, for lack of jurisdiction, any OADA claim "that arose prior to March 22, 2019." *See* Def.'s Mot. at 4, 5; Reply Br. at 2, 4.

Plaintiff presents both procedural and substantive objections. He asserts that neither administrative exhaustion generally, nor a timely administrative filing in particular, is a

jurisdictional requirement amenable to decision under Rule 12(b)(1). Relatedly, Plaintiff contends a failure to exhaust administrative remedies is an affirmative defense that a plaintiff need not anticipate in his pleading. These arguments rest on a faulty premise. Plaintiff relies on federal caselaw regarding Title VII and other federal statutes. *See* Resp. Br. at 3, 4-6 (citing *Jones v. Bock*, 549 U.S. 199 (2007); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320 (10th Cir. 2002)). However, Defendant's Motion concerns only Plaintiff's OADA claim and state law requirements.

By statutory amendments in 2011, the Oklahoma Legislature removed any doubt that OADA provides an exclusive remedy for employment-related discrimination. *See* Okla. Stat. tit. 25, §§ 1101(A), 1350(A). Also, the Legislature unequivocally imposed an administrative filing requirement in jurisdictional terms, stating in pertinent part:

> <u>In order to have standing in a court of law to allege discrimination arising from an employment-related matter</u>, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.

*Id.* § 1350(B) (emphasis added). Standing is a jurisdictional requirement for a plaintiff to plead and prove, and a lack of standing may be challenged by a motion under Rule 12(b)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998). While these principles may apply less rigidly in the context of statutory (as opposed to constitutional)

standing, the Court finds that Defendant's Rule 12(b)(1) Motion is procedurally proper under the circumstances.[2]

Plaintiff also asserts that Defendant's request for categorial dismissal of any OADA claim accruing before a certain date is misguided because a claim based on a continuing discriminatory practice (such as a hostile work environment or, here, continuing failure to accommodate) is timely so long as one of the discriminatory acts occurred within the filing period. *See* Resp. Br. at 8-9 (citing *Nat'l R.R. Passengers Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Defendant makes no reply to this argument. It is consistent with the statutory language, which requires a claimant to file a charge within 180 days "from the last date of alleged discrimination." *See* Okla. Stat. tit. 25, § 1350(B). Further, the only consequence of an untimely filing in relation to earlier acts of discrimination would be to limit the time period of recoverable damages, if liability is otherwise established. On this point, the Court agrees with Plaintiff that the exhaustion and merits issues are intertwined and cannot be resolved under Rule 12(b)(1). *See supra* note 2.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 13] is DENIED.

---

[2] The Court also rejects Plaintiff's assertion that Defendant's Rule 12(b)(1) Motion must be converted to one for summary judgment under Rule 56. *See* Resp. Br. at 7-8. The jurisdictional question of administrative exhaustion is separate from the merits of Plaintiff's substantive claim and a motion raising the issue need not be converted. *See Sizova*, 282 F.3d at 1324-25.

IT IS SO ORDERED this 20th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge